UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DVORAK,

        Plaintiff,

  v.                                  Case No. 07-C-219

DOUGLAS COUNTY SHERIFF, et al.,

        Defendants.

**MEMORANDUM**

Defendants Drs. Sura and Vujkovic have filed a motion for lack of personal jurisdiction or, alternatively, for summary judgment on the merits. Of course, if the court lacks jurisdiction over the defendants, it has no authority to rule on the merits. It therefore makes sense to address this court's jurisdiction over these defendants before the motion for summary judgment. For reasons not clear from the record, Drs. Sura and Vujkovic declined to sign waivers of service sent to them by the U.S. Marshals Service. These defendants note that plaintiff, who is in custody, failed to arrange for personal service on these defendants within the 120-day time period allowed by rule. Fed. R. Civ. P. 4(m). Since the defendant failed to serve them, they believe they are entitled to dismissal for lack of jurisdiction.

Under this court's screening order and grant of *in forma pauperis* status, however, the incarcerated plaintiff is not personally responsible for effecting service on any of the defendants. The court also has authority to extend the time for serving defendants beyond 120 days upon a showing of good cause. Fed. R. Civ. P. 4(m). The incapacity of a prisoner as a result of his

confinement is certainly good cause, and I therefore order the time for service in this case extended by an additional 120 days. The defendants' motion to dismiss will therefore be denied.

This court would, should the occasion arise, order the U.S. Marshals Service to attempt to personally serve any defendant who failed to waive service. Of course, the costs of such service would be borne by the defendants, as they would in any civil case. Fed. R. Civ. P. 4(d)(2). If the defendants wish to continue to assert their right to personal service, they are welcome; but in the interest of saving time and unnecessary costs I would invite them to inform the court, within a week, if they wish to waive personal service before a deputy marshal is dispatched. If no waiver is received by December 21, 2007, the U.S. Marshall Service shall commence efforts to effect personal service.

Since the court lacks jurisdiction over the defendants at this time, it is unable to rule on their motion for summary judgment. That motion will therefore be denied as premature. When and if the court obtains personal jurisdiction over them, the defendants may renew their motion for summary judgment at that time. If it becomes necessary to renew the motion, counsel should consult the local rules governing summary judgment procedure in this district. A motion for summary judgment must be accompanied by either the parties' stipulation of facts or the movant's proposed findings of fact. *See* Civil L.R. 56.2(a). The motion filed by the defendants has neither and thus could be denied on that basis as well.

**IT IS THEREFORE ORDERED** that the time for service of the summons and complaint upon the defendants is extended by 120 days, and the motion to dismiss for insufficiency of service is denied.

2

**IT IS FURTHER ORDERED** that in the event no waiver of service is received by December 21, 2007, the U.S. Marshall Service shall commence steps to effect personal service upon Drs. Sura and Vujkovic.

**IT IS FURTHER ORDERED** that the alternative motion for summary judgment is denied as premature but with leave to re-file if and when jurisdiction over the defendants is obtained.

Dated this   13th   day of December, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
